UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION
www.flsb.uscourts.gov

In re:

GLOBAL FINANCIAL ENTERPRISES, LLC,      Case No.: 13-11478-EPK

    Debtor.     Chapter 11
_____/

### AMENDED[1] NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM*

GEE Partnership Holdings, LLC ("GEE") by and through undersigned counsel, hereby gives notice that it shall examine Global Financial Enterprises, LLC (the "Debtor") under oath on **Tuesday, May 7, 2013 at 9:30 a.m**. at the law offices of **Shraiberg, Ferrara & Landau, P.A.,** located at **2385 NW Executive Center Drive, Ste. 300, Boca Raton, Florida, 33431.** The examination may continue from day to day until completed.

The examination is being conducted pursuant to Rule 2004, Federal Rules of Bankruptcy Procedure ("FRBP") and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in FRBP 2004. Pursuant to Local Rule 2004-1, no order shall be necessary.

*Duces Tecum*

The examinee is further required to produce and deliver, on or before **Tuesday, April 30, 2013** to **Brett Marks, Esq., Akerman Senterfitt, 350 East Las Olas Blvd., Suite 1600, Ft. Lauderdale, Florida 33301,** the following documents:

    **See attached Schedule "A."**

---

[1] Amended to reflect May, 7, 2013 as the Debtor's deposition date and April 30, 2013 as the Debtor's deadline to produce all documents detailed on Schedule "A."

{26237595;1}      1

Dated: April 16, 2013             Respectfully submitted,

**AKERMAN SENTERFITT**
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2229
Phone: (954) 463-2700
Fax: (954) 463-2224

By: */s/ Catherine Douglas*
    D. Brett Marks
    Florida Bar Number: 099635
    Email: brett.marks@akerman.com
    Catherine Douglas, Esq.
    Fla. Bar No. 85843
\           catherine.douglas@akerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing or via U.S. mail to all parties on the attached Service List this Tuesday, April 16, 2013.

    /s/ Catherine Douglas
    Catherine Douglas, Esq.

## SERVICE LIST

**13-11478-EPK Notice will be electronically mailed to:**

Patrick R Dorsey on behalf of Debtor Global Financial Enterprises, LLC
pdorsey@sfl-pa.com, vchapkin@sfl-pa.com;dwoodall@sfl-pa.com;scusack@sfl-pa.com

Catherine E Douglas on behalf of Interested Party GEE Partnership Holdings, LLC
catherine.douglas@akerman.com, jeanette.martinez@akerman.com

David B Marks on behalf of Interested Party GEE Partnership Holdings, LLC
brett.marks@akerman.com, charlene.cerda@akerman.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Lenore M Rosetto on behalf of Debtor Global Financial Enterprises, LLC
lrosetto@sfl-pa.com, scusack@sfl-pa.com

Bradley S Shraiberg on behalf of Debtor Global Financial Enterprises, LLC
bshraiberg@sfl-pa.com, dwoodall@sfl-pa.com;vchapkin@sfl-pa.com;lrosetto@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-pa.com

**13-11478-EPK Notice will not be electronically mailed and will be served via U.S. Mail to:**

Scott C. Frost on behalf of Interested Party
GEE Partnership Holdings, LLC
200 S. Michigan Ave, #1100
Chicago, IL 60604

Lisa S. Gretchko on behalf of Interested Party
GEE Partnership Holdings, LLC
450 W. 4 Street
Royal Oak, MI 48067

Miles T. Macik on behalf of Interested Party
GEE Partnership Holdings, LLC
450 W. Fourth Street
Royal Oak, MI 48067

James F. Martin
ACM Capital Partners
200 South Biscayne Blvd., 7th Floor
Miami, FL 33131

## Schedule "A"

I.  Instructions

   A.  This document request is continuing in nature and when new knowledge or information comes to the attention of the deponent the information supplied in the answers to the document request shall be supplemented forthwith.

   B.  For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include but be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

   C.  If you at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, including:

      1.  The names of the authors of the document;
      2.  The names of the persons to whom the documents or copies were sent;
      3.  The date of the document;
      4.  The date on which the document was received by each addressee, copyee or its recipients;
      5.  A description of the nature and subject matter of the document that is as complete as possible;
      6.  The date on which the document was lost, discarded or destroyed; and
      7.  The manner in which the document was lost, discarded or destroyed.

   D.  With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

      1.  The names of the senders or the document;

      2.  The names of the authors of the document;

    3.     The names of the persons to whom the document or copies were sent;

    4.     The job title of every person named in subparagraphs 1, 2 and 3 above;

    5.     The date of the document;

    6.     The date on which the document was received by each addressee, copyee or its recipient;

    7.     A brief description of the nature and subject matter of the document; and

    8.     The statute, rule or decision which is claimed to give rise to the privilege.

E.     If you cannot, after exercising due diligence to secure or produce the document(s) requested, you must identify which Request(s) that you do not have any responsive documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

F.     All words in this request for production shall have their plain and ordinary meanings unless specifically defined herein below in Part II of this Request.

G.     Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.     The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

I.     "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise might be construed as outside their scope.

J.     "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

K.     The use of the singular form of any word includes the plural and vice versa.

L.     All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.  Unless otherwise stated herein, the time period encompassed by this subpoena shall be from 1 year prior to the Petition Date.

II. Definitions

For purposes of this subpoena, the following definitions shall apply:

A.  "ACM" shall mean ACM Capital Partners, LLC, as identified in the Debtor's Application to Employ ACM Capital Partners, LLC as Financial Advisor (D.E. 32).

B.  "Cellular Phones" shall mean the mobile phone inventory identified on Debtor's Schedule B (D.E. 25).

C.  "Communications" means any electronic, oral, magnetic, or written transmittal or transfer of data, facts, ideas, information, inquiries, or thought.

D.  "Correspondence" means any letter, note, memorandum, report, notice, facsimile transmission, e-mail transmission, and any documents (as defined in paragraph 1 above) that were sent or received from one or more persons to one or more persons, regardless of authorship or origin, including that which was directed as a copy, blind copy, forwarded copy, or sent or received mistakenly.

E.  The words "concerning," "concerns," or any other derivative thereof; as used herein includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing and constituting.

F.  The term "Debtor" shall mean Global Financial Enterprises, LLC, including any assigns, employees, agents, and others purporting to act on its behalf.

G.  "Deponent", "examinee", "you", and "your" shall mean the party upon whom this subpoena is served and all of its authorized employees, agents, or others purporting to act on its behalf.

H.  "Documents" and/or "records" shall mean, without limiting the generality of this meaning, any writings, papers or tangible things in the possession, custody or control of the Deponent, including, letters, e-mails, computer files, handwritten notes, calendar pads, appointment books, note pads, notebooks, correspondence of any kind, postcards, memoranda, telegrams, telexes, annual or other reports, financial statements, books, records, ledgers, journals, minutes of all meetings, contracts, agreements, drafts of contracts or agreements, appraisals, analyses, charts, graphs, data sheets, data tapes, computer disks, computer hard drives or readable computer produced interpretations thereof, stenographic notes, tape and disk recordings, tapes, photostats, recordings, photographs, drawings, illustrations, plans and personal interviews, wherever located, whether located original or duplicate, and all compilations of the foregoing including binders, notebooks, folders and files.  All categories of documents described above shall

include with respect thereto all communications, whether or not expressly stated. If a document has been prepared in several copies, or additional copies have been made and the copies are not identical (or by reason of subsequent modifications of the copy by addition or notations, or other modifications, are no longer identical), each non-identical copy shall be deemed to be a separate document for purposes of these discovery request.

I. The term "Insider" as used herein shall have the same meaning as in Section 101(31) of the Bankruptcy Code.

J. The terms "person", "individual", "entity", and "entities" are used interchangeably and shall be deemed to include the plural and vice versa. Each of these terms shall mean, but are not limited to: (i) any association, or business, legal, or governmental entity, including all corporations, partnerships, associations, joint ventures, trust, firms, or other business enterprise or legal entity, unless otherwise stated; or (ii) surety ship; institution; or government or government agency or political subdivision be it foreign or domestic; or (iii) board, committee, group, or organization comprised of any of the foregoing or combination thereof; whether they be now or previously existing.

K. The term "Petition Date" shall mean January 23, 2013, which is the date the Debtor filed a voluntary petition for relief under Chapter 11, title 11 of the United States Code.

L. "Possession, custody, or control" as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

M. "Support", "evidence", "relate to", "relating to", "related to", "referred to", "concerning", "pertaining to" and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

N. "Transfer" as used herein shall have the same meaning as in Section 101(54) of the Bankruptcy Code.

III. Documents Requested[2]

1. All documents reflecting the Debtor's ownership interest in the Cellular Phones within three (3) years from the Petition Date to the date of this request, including, but not limited to, purchase orders, contracts, invoices and all communications, including any e-mails, telephone notes, correspondence, reports and any other documents relating to or reflecting same.

---

[2] To the extent any or all documents or records responsive to this Request are in electronic format, please contact the undersigned to arrange for their production.

2. All documents pertaining to any proposed sale of the Cellular Phones by ACM, within three (3) years from the Petition Date to the date of this request, including, but not limited to, written offers, Letters of Intent, purchase orders, written proposals and all communications, including any e-mails, telephone notes, correspondence, reports and any other documents relating to or reflecting same.

3. All documents pertaining to any attempts by the Debtor to sell the Cellular Phones, within three (3) years from the Petition Date to the date of this request, including, but not limited to, written offers, Letters of Intent, purchase orders, written proposals and all communications, including any e-mails, telephone notes, correspondence, reports and any other documents relating to or reflecting same.

4. Any and all contract(s) or agreement(s) relating to the use or disposition of Cellular Phones, entered into by and between the Debtor and any party, and any drafts and executed copies of such contract(s) or agreement(s), within three (3) years from the Petition Date to the date of this request, and all communications, including any e-mails, telephone notes, correspondence, reports and any other documents relating to or reflecting same.

5. All (i) ledgers; (ii) journals; (iii) books of accounts; (iv) reports, reconciliations and itemizations of sales, revenues, expenses, disbursements, income, depreciation, or profits; (v) balance sheets; and (vi) financial statements prepared within two (2) years from the Petition Date to the date of this request. Include internal memoranda and worksheets, and any documents sent to or received from outside bookkeepers and accountants.

6. All account statements, canceled checks, checkbooks, stubs and registers, deposit slips, debit memos, wire transfer requests and advices, and passbooks, from any checking accounts, savings accounts, time deposits, money market accounts, and other investment accounts in the Debtor's name, or into which it deposited funds, or over which it had signature authority within two (2) years from the Petition Date to the date of this request.

7. Complete federal income tax returns, including all schedules, and state tax returns or bills prepared within two (2) years from the Petition Date to the date of this request.

8. All documents reflecting loans or other outstanding accounts which are now due and payable to the Debtor, or will become due to in the future, including, but not limited to, any loans or outstanding accounts associated with:

      a. My Screen Mobile, Inc.

9. All documents reflecting loans or other outstanding accounts which are now due and payable by the Debtor, or will become due to in the future, including, but not limited to, any loans or outstanding accounts associated with:

      a. Al Huda Insaat;
      b. Fire Brand Wireless;
      c. Mustafa Seref Akin;
      d. NAPI;
      e. Sam Halim;
      f. Tahsin Yilmaz Kalkava;
      g. Gee Holdings, LLC;
      h. RGG Consulting, LLC;
      i. Tekofaks Technology;
      j. Ertuk Celenek; and
      k. Sezai Kaplan

10. All documents evidencing any and all Transfers to Insiders, such as Mustafa Seref Akim, Sam Halim, and Tahsin Yilmaz Kalkava, within two (2) years from the Petition Date to the date of this request, including, but not limited to, canceled checks, memos, wire transfer requests and advices, and all communications, including any e-mails, telephone notes, correspondence, reports and any other documents relating to or reflecting same.

11. All documents pertaining to the "Blind Phone Contract with Yalciniair, a Turkish Corporation, the Ministries of Communication & Transportation of the Turkish Government" as identified on Debtor's Schedule B (D.E. 25), and all communications, including any e-mails, telephone notes, correspondence, reports and any other documents relating to or reflecting same.

12. All documents that pertain to any contract between the Debtor and Tekofaks Technology within three (3) years from the Petition Date to the date of this request

13. All documents pertaining to any amount paid by the Debtor to Tekofaks Technology in connection with the Cellular Phones within three (3) years from the Petition Date to the date of this request

14. All documents pertaining to any amount paid by the Debtor to Tekofaks Technology in connection with any Tablets, Smartphones, or other device, other than the Cellular Phones, within three (3) years from the Petition Date to the date of this request.

15. All Documents evidencing any communication between the Debtor and the following entities/individuals regarding the Cellular Phones:

    a. Yalcinlar
    b. Wassan Capital Advisors
    c. Tanbar LTD, d/b/a SEKO
    d. Firebrand Wireless
    e. Tekofaks Technology
    f. Ertuk Celenek; and
    g. Sezai Kaplan

16. All documents that pertain to any contract or agreement between the Debtor and Gee Holdings, LLC for consulting services within three (3) years from the Petition Date to the date of this request, including but not limited to all documents that reference any payments made by the Debtor to Gee for consulting services.

17. All documents that pertain to any contract or agreement between the Debtor and RGG Consulting, LLC for consulting services within three (3) years from the Petition Date to the date of this request, including but not limited to all documents that reference any payments made by the Debtor to RGG Consulting, LLC for consulting services.

18. All documents that pertain to any contract or agreement between the Debtor and the following entities relating to any Tablets, Smartphones, or devices other, than the Cellular Phones, within three (3) years from the Petition Date to the date of this request:

    a. Firebrand Wireless
    b. Tekofaks Technology
    c. Gee Holdings, LLC; and
    d. Yalcinlar