

**ORDERED in the Southern District of Florida on January 24, 2014.**

Erik P. Kimball, Judge
United States Bankruptcy Court

---

SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION
www.flsb.uscourts.gov

In re:

**GLOBAL FINANCIAL ENTERPRISES, LLC,**    Case No.: 13-11478-EPK

Debtor.    Chapter 11
_____/

**ORDER GRANTING MOTION OF GEE PARTNERSHIP HOLDINGS, LLC, FIREBRAND WIRELESS, LLC AND RGG CONSULTING, LLC FOR: (I) APPROVAL OF MEDIATED SETTLEMENT AGREEMENT, AND (II) ENFORCEMENT OF MEDIATED SETTLEMENT AGREEMENT (D.E. 138) AND NON-DISCHARGEABLE JUDGMENT AGAINST SAM HALIM, JR.**

THIS MATTER came before the Court for hearing on January 9, 2014 at 1:30 p.m. (the "Hearing") upon the Motion of GEE Partnership Holdings, LLC, Firebrand Wireless, LLC and RGG Consulting, LLC for: (I) Approval of Mediated Settlement Agreement, and (II) Enforcement of Mediated Settlement Agreement (the "Enforcement Motion"; D.E. 138) which was filed on November 13, 2013. Shraiberg, Ferrara & Landau, P.A. ("SFL") in its capacity as

2479610v1

counsel for the Debtor filed a Limited Objection to the Enforcement Motion on December 3, 2013 (D.E. 143) seeking payment of administrative fees incurred in this case. No other written objections to the Enforcement Motion were filed. At the Hearing, the Court had before it counsel for the Settling Creditors, counsel for the Debtor and counsel for Sam Halim, Jr. No other parties in interest appeared at the Hearing. The Court heard oral arguments and proffers from counsel regarding the Enforcement Motion on January 9, 2014, and has considered the record in this case, noting that service of the Enforcement Motion was due and sufficient, and finding that the Settlement Agreement described in the Enforcement Motion satisfies the standards for such settlement as set forth by the Eleventh Circuit in *In re Justice Oaks II, Ltd.*, 898 F. 2d 1544 (11th Cir. 1990) and is in the best interests of all creditors and the bankruptcy estate. The Court also notes that the Settling Creditors, the Debtor and Sam Halim, Jr. all agreed on the record at the Hearing to the form and terms of this Order. The Court hereby makes the following findings of fact and conclusions of law:

## I. FINDINGS OF FACT

On July 24, 2013 Sam Halim, Jr., his counsel Les Osborne, Global Financial Enterprises, LLC ("GFE" or the "Debtor"), Debtor's counsel Bradley Shraiberg of SFL, Ron Garriques (for himself and as an authorized representative of GEE Partnership Holdings, LLC ("GEE"), Firebrand Wireless, LLC, and RGG Consulting, LLC which entities are, collectively, the "Settling Creditors"), and counsel for the Settling Creditors attended a Judicial Settlement Conference with U.S. Bankruptcy Judge Paul G. Hyman (the "Hyman Settlement Conference") in an attempt to resolve, among other things, various disputes arising from proofs of claim in excess of $23 Million filed by the Settling Creditors, objections to the Debtor's Chapter 11 Plan and Disclosure Statement and allegations that the Debtor made fraudulent transfers and

preferential transfers insiders. At the Hyman Settlement Conference, a resolution was reached and memorialized in a handwritten Memorandum of Understanding (the "Memorandum of Understanding") signed by Sam Halim, Jr., his counsel Les Osborne, the Debtor, Debtor's counsel, Ron Garriques (for himself and on behalf of each of the Settling Creditors) and counsel for the Settling Creditors. In the Memorandum of Understanding, Sam Halim, Jr. agreed to pay GEE (or an entity of its choosing) $250,000.00 by December 15, 2013, and $50,000 by June 15, 2014 and Sam Halim, Jr. further agreed that if he failed to pay as aforesaid then GEE would be entitled to a final judgment against him in the amount of $450,000 less any payment made (either by Sam Halim, Jr. or Ylmaz Kalkavan) and Sam Halim, Jr. expressly agreed that said judgment against him would be non-dischargeable under 11 U.S.C. §523 in any subsequently filed petition for relief under Title 11. The Memorandum of Understanding also provided for the transfer of the Debtor's Cellular Phones (defined below) to the Settling Creditors and the ultimate dismissal of this Chapter 11 case. After the Hyman Settlement Conference, the foregoing parties attempted to prepare a formal settlement agreement to shore up certain logistical points, including the scope of releases. After extensive communications over two months and significant time and resources expended by the Settling Creditors, the Debtor and Sam Halim, Jr., on the one hand, and the Settling Creditors and Ron Garriques, on the other hand, reached a modified settlement (the "Modified Settlement") which changed certain payment terms and established deadlines for both parties; however, the substance of the Memorandum of Understanding was never changed, to wit: The Debtor's Cellular Phones would be transferred to the Settling Creditors, Sam Halim, Jr. would consent to a non-dischargeable judgment in the event of non-payment and the Debtor's Chapter 11 case would be dismissed. Based on Sam Halim Jr.'s apparent agreement to the Modified Settlement, counsel for the Settling Creditors

3

invested significant resources in documenting the Modified Settlement. Sam Halim, Jr. and the Debtor later defaulted on the Memorandum of Understanding and the Modified Settlement.

This Court has jurisdiction over the Enforcement Motion and over Sam Halim, Jr. based on his participation (and that of his counsel) in the Hyman Settlement Conference and because the Debtor's Schedules, signed by Sam Halim, Jr., provide for an allowed claim in favor of Sam Halim, Jr. in the amount of $500,000 which the Debtor does not appear to dispute; thus, Sam Halim, Jr. has submitted himself to the jurisdiction of this Court. This Court does not have jurisdiction to enforce the provisions of the Memorandum of Understanding that relate to Yilmaz Kalkavan because neither he nor his counsel attended the Hyman Settlement Conference or signed the Memorandum of Understanding. Based on the certificate of service filed with this Court, the Enforcement Motion (together with a notice and opportunity to respond) was properly served on all interested parties including the Debtor, its counsel, Sam Halim, Jr. and his counsel. SFL filed a Limited Objection to the Enforcement Motion on December 3, 2013 (D.E. 143) seeking payment of administrative expenses prior to dismissal of this Chapter 11 case. At the Hearing on the Enforcement Motion held on January 9, 2013 counsel for the Settling Creditors, counsel for the Debtor and counsel for Sam Halim, Jr. appeared and advised the Court of their agreement to the form and terms of this Order. No other parties in interest appeared at the Hearing. The Parties have advised the Court that Sam Halim, Jr. did in fact make the first $250,000 payment on January 8, 2013, which funds were being held in a trust account of SFL to be released to the Settling Creditors upon entry of this Order. Counsel for the Settling Creditors has also advised the Court that (i) Yilmaz Kalkavan has not made any of the payments that he was supposed to make pursuant to the Memorandum of Understanding, and (ii) in order to resolve the Limited Objection to the Enforcement Motion filed by SFL, before the Cellular

4

Phones (as that term is defined below) are delivered to GEE or its designee and before this bankruptcy case is dismissed, GEE shall pay a total of $90,000 (US) to be held in a trust account maintained by Howard & Howard, Attorneys, PLLC, counsel for the Settling Creditors, and distributed to SFL only upon entry of an Order dismissing this Chapter 11 case which thereafter can be paid out by SFL, as counsel for the Debtor, for any fees owed to the United States Trustee's office, administrative fees and expenses incurred by SFL as counsel for the Debtor, and ACM Capital Partners, LLC as the financial advisor for the Debtor. This Court is fully advised in the premises.

## II. CONCLUSIONS OF LAW

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that the Enforcement Motion is granted and the Settlement described in the Memorandum of Understanding is hereby APPROVED..

IT IS FURTHER ORDERED that, pursuant to the Memorandum of Understanding and in light of the failure of Sam Halim, Jr. to comply with the Memorandum of Understanding, judgment is hereby entered in favor of Gee Partnership Holdings, LLC and against Sam Halim, Jr. in the amount of $200,000 (US) representing the balance owed of the $450,000 (US) judgment which Sam Halim, Jr. agreed (in the Memorandum of Understanding) should be entered against him upon his failure to comply, less the $250,000 payment held in the Trust Account of SFL which shall be transferred to Gee Partnership Holdings, LLC forthwith. Execution on said $200,000 judgment shall issue forthwith.

IT IS FURTHER ORDERED that the foregoing judgment against Sam Halim, Jr. is hereby found and determined to be non-dischargeable in any subsequent federal bankruptcy case filed by or against Sam Halim, Jr. pursuant to 11 U.S.C. §523(a)(2) and/or §523(a)(6).

IT IS FURTHER ORDERED that provided Sam Halim, Jr. pays the Settling Creditors the sum of $50,000 by wire transfer or cashier's check to GEE on or before the close of business on June 15, 2014, then the Settling Creditors shall not record this Order with any county or state agency for the purposes of obtaining a lien on Sam Halim Jr.'s assets or otherwise seek enforcement or execution of the money judgment portion of this Order against Sam Halim, Jr. and the $200,000 obligation shall be deemed satisfied if the payment obligations above are timely made, with no grace periods.

IT IS FURTHER ORDERED that all of the Debtor's following personal property that is currently warehoused at 6800 S. Cypress, Romulus, Michigan 48174 in a facility owned and operated by Tanbar, Ltd. d/b/a SEKO Worldwide ("SEKO") shall be immediately delivered to GEE or its designee upon payment to SEKO of all amounts owing to SEKO regarding the said personal property consisting of: (i) approximately 16,000 HTC Microsoft 6.5 Tilt 2 cellular phones (each in a box that also contains a power charger, ear buds, carrying case and owner's manual), (ii) approximately 386 warranty replacement service stock units (bulk packaged, approximately 100 units/box), and (iii) approximately 14,420 4gb SD memory cards (the items described in (i)-(iii) above are hereinafter collectively called the "Cellular Phones"). GEE or its designee shall immediately take possession of and shall promptly remove the Cellular Phones from SEKO's foregoing facility after tendering all unpaid storage costs for the Cellular Phones to SEKO. Risk of loss shall pass to GEE upon taking possession of the Cellular Phones.

IT IS FURTHER ORDERED that, effective as of the date of entry of this Order, the Debtor is hereby deemed to have transferred unencumbered marketable title to and ownership of the Cellular Phones to GEE said transfer is hereby deemed to be made in good faith and for reasonable consideration. GEE shall promptly inform SEKO of the this Order and its provisions

regarding transfer of the Cellular Phones to GEE, and GEE shall promptly deliver a copy of this order to SEKO. This Order, when entered, shall authorize and direct SEKO to deliver the Cellular Phones to GEE without the need for any further documentation or order of any court whatsoever (whether state court, bankruptcy court, or other court.)

IT IS FURTHER ORDERED that, within five (5) business days of entry of this Order, GEE shall pay a total of $90,000 (US) to its counsel Howard & Howard, Attorneys, PLLC to be held in trust by said firm and distributed and paid to SFL within five business days after entry of an Order dismissing this Chapter 11 case and thereafter paid out by SFL for any fees owed to the United States Trustee's office, and then the remaining balance of said $90,000 shall be used to pay the administrative fees and expenses incurred by SFL as counsel for the Debtor, and to ACM Capital Partners, LLC, as financial advisor for the Debtor.

IT IS FURTHER ORDERED that, after the later of the Cellular Phones having been delivered to GEE (or its designee) and GEE having paid the $90,000 (US) described in the preceding paragraph to Howard & Howard, Attorneys PLLC,, then counsel for the Settling Creditors shall file a notice of with the Court confirming delivery of the Cellular Phones to GEE or its designee and payment of $90,000 (US) to Howard & Howard Attorneys, PLLC and the Court will thereafter dismiss this Chapter 11 case *ex parte*. Within five (5) business days of entry of an Order dismissing this case, Howard & Howard, Attorneys, PLLC, as counsel for the Settling Creditors shall then distribute the $90,000 to SFL, as counsel for the Debtor, which will thereafter pay all US Trustee fees from the $90,000 and then distribute the remaining balance of said $90,000 between itself and ACM Capital Partners, LLC as agreed to by SFL and ACM Capital Partners, LLC.

IT IS FURTHER ORDERED that based upon this Court's approval of the Settlement described in the Memorandum of Understanding which includes dismissal of this case, all pending motions in this matter, including: 1) the Debtor's Motion to Sell Property Free and Clear (A) Authorizing and Scheduling the Sale of Inventory Free and Clear of All Liens, Claims and Encumbrances; (B) Approving Bidding Procedures; (C) Approving Breakup Fee to PCS Wireless as Stalking Horse Bidder; (D) Scheduling Auction to Accept Higher and Better Bids; and (E) Scheduling Hearing to Approve Sale Arising Out of Auction Under 11 USC Section 363 b Filed by Debtor Global Financial Enterprises, LL (C.P. No. 80); and 2) Debtor's Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Extend Debtor's Exclusive Period to Solicit Acceptances of the Plan (C.P. No. 144) are hereby DENIED as moot.

IT IS FURTHER ORDERED that the Court reserves jurisdiction to enforce the terms of this Order.

**SUBMITTED BY:**
D. Brett Marks, Esq.
*Attorney for GEE Partnership Holdings, LLC*
Akerman Senterfitt
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, Florida 33301
Telephone: (954) 463-2700
E-Mail: brett.marks@akerman.com

Copies furnished to:

D. Brett Marks [Attorney Marks is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt of this Order and shall file a certificate of service with the Clerk of the Court.]